PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1998 Suzuki Sidekick struck a washed out portion of the shoulder when she was traveling on W. Va. Route 15 in Webster County. W. Va. Route 15 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:00 p.m. on March 19, 2005, a rainy and foggy evening. W. Va. Route 15 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving southbound on W. Va. Route 15 when her front passenger side tire struck a section of shoulder that had been washed out. She stated that her vehicle went into the washed out shoulder area and she could not maneuver it out of the defective shoulder. Ms. Lucas stated that the washed out section of shoulder was between three and four feet deep. Claimant’s vehicle sustained damages to the right front tire and extensive damages to the vehicle totaling $3,592.45.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 15 at the site of the claimant’s accident for the date in question.
Doyle Williams, Highway Administrator 2 for the respondent in Webster County, testified that there had been several inches of rain during March 2005, which *52 caused several slips along roads in Webster County. It also caused several ditches to be washed out. Mr. Williams stated that the shoulder along W. V. Route 15 had been washed out for several days at least, but that crews for respondent had been repairing slips along other stretches of road where the roads had been blocked. However, he also testified that approximately one month passed before the shoulder was repaired.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the washed out shoulder which claimant’s vehicle struck and that the washed out shoulder presented a hazard to the traveling public. Photographs in evidence depict the shoulder and provide the Court an accurate portrayal of the size and location of the wash out on W. Va. Route 15. The size of the wash out leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to provide a warning device or take corrective action to protect the traveling public. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle. However, the Court also finds that claimant was also negligent in that she drove onto the shoulder of the road without being forced to do so by oncoming traffic. The Court concludes that claimant was twenty-five per cent (25%) negligent. Based upon the principle of comparative negligence, the award to claimant will be reduced accordingly.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $2,694.34.
Award of $2,694.34.